IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELVIRA GARRISON,<br><br>Plaintiff,<br><br>v.<br><br>INSPIRA HEALTH,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-12204 (KMW-MJS)<br><br>**OPINION** |

**Elvira Garrison**
110 Cornell Road
Glassboro, NJ 08028
*Plaintiff, Pro se*

**Michael Joseph Miles, Esq.**
**Arletta Leyba, Esq.**
Brown & Connery, LLC
360 Haddon Ave
Westmont, NJ 08108
*Counsel for Defendant Inspira Health*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Elvira Garrison ("Plaintiff") initiated this pro se lawsuit against her former employer, Inspira Health, Inc. ("Defendant" or "Inspira") for race discrimination stemming from Inspira's alleged failure to promote her in 2023.

Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint (ECF No. 20) and Plaintiff's motion for leave to amend her complaint (ECF No. 26). For the reasons that follow, Defendant's motion to dismiss is **GRANTED in part, and DENIED in part**, and Plaintiff's motion for leave is **DENIED** without prejudice.[1] The Court will grant Plaintiff leave to amend her complaint to cure the deficiencies identified in this opinion.

## II. FACTUAL BACKGROUND

Plaintiff is an African American woman. (ECF No. 20 at 4.) She was hired by Inspira in 2018 as a registered nurse. (*Id.*) She contends that despite positive performance, she was passed over for three promotions due to her race, the most recent being in July of 2023, when Inspira selected a Caucasian woman for the role instead of Plaintiff (*Id.* at 4-5; ECF No. 19 at 5-6.)[2]

In November 2023, Plaintiff filed a charge of discrimination with the New Jersey Division on Civil Rights ("DCR") alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") for discriminatory advancement practices. (ECF No. 20-2 at 4-5.) On March 3, 2025, the DCR issued a closing letter indicating that it had completed its review of Plaintiff's claim and

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

[2] The facts are drawn from the FAC (ECF No. 19), as well as Plaintiff's DCR charge and the notices of right to sue issued by the EEOC and DCR (ECF No. 20-2 at 4-11) ("Right to Sue letters"). The latter documents were attached by the parties and are undisputed records integral to the complaint. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

authorizing her to file a complaint in New Jersey Superior Court. (*Id.* at 8-9.) The DCR also noted that if Plaintiff wished to pursue claims in federal court, she would be required to obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 9.)

## II. PROCEDURAL HISTORY

On June 25, 2025, Plaintiff initiated this action by filing a pro se complaint using the Court's standard form for employment discrimination claims. (ECF No. 1.) She checked boxes indicating that she was asserting claims under Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA") based on a failure to promote, retaliation, and a hostile work environment. *(Id.* at 6.) The complaint included descriptions of the supporting facts and requested relief, but those descriptions were cut off. (*Id.* at 7-8.) Although Plaintiff indicated on the form that she had received a right-to-sue letter from the EEOC in April 2025, Plaintiff did not attach the letter to her complaint.

Defendant moved to dismiss the complaint, noting *inter alia*, the absence of an EEOC right to sue letter. (ECF No. 14.) In response, Plaintiff produced what appears to be a cell-phone screenshot of an EEOC right to sue letter, bearing a signature dated March 25, 2025, and Plaintiff indicated that she was withdrawing her inadvertently-raised ADEA claim. (ECF No. 15.) Defendant filed a reply and Plaintiff filed an unauthorized sur-reply (ECF Nos. 16 & 17)[3] which included additional facts not contained in her original complaint. She then filed an unauthorized amended complaint (ECF No. 19) ("FAC"),[4] raising claims for failure to promote and retaliation,

---

[3] Local Civil Rule 7.1(d) expressly authorizes opposition and reply briefs, but a sur-reply requires permission from the assigned judge. See L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned.").

[4] A party may amend the complaint once as a matter of course no later than 21 days after service of a motion under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). In all other cases, the opposing party's written consent or leave of court is required. *Id.* R. 15(a)(2). Here, Plaintiff waited 33 days to file an amended complaint; therefore, the amendment required permission from the court.

and in which the facts giving rise to the claim(s) and requested relief were once again cut off. (*Id.* at 7-8.) However, from what the Court can discern, the alleged retaliation relates to another company, Virtua's decision not to hire Plaintiff for a nursing role. (*Id.* at 8.)

Defendant then filed the present motion to dismiss, in which it argues that (1) the failure to promote claim is untimely; (2) the amended complaint was filed without leave, and (3) the retaliation claim is unexhausted. (ECF No. 20.) In response, Plaintiff filed an untimely[5] four-page letter further elaborating on her claims (ECF No. 21), and another unauthorized amended complaint (ECF No. 22). The amended complaint added claims under the New Jersey Law Against Discrimination ("NJLAD") and 42 U.S.C. § 1981, and included new supporting facts for the retaliation claim. (*Id.*) The Court subsequently denied Defendant's initial motion to dismiss as moot and granted Defendant an extension of time to reply. (ECF No. 24.)[6] In its reply, Defendant incorporated arguments for dismissal of those newly added claims. (ECF No. 25.)

Plaintiff then filed the present motion for leave to file an amended complaint, which consists of a five-page letter that generally describes the facts underlying her claims for discrimination, but neither identifies the legal claims she seeks to assert nor includes the right-to-sue notice. (*See* ECF No. 26.) The matter is ripe for disposition.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

[5] Plaintiff's opposition to the motion to dismiss was due on May 18, 2026, and Plaintiff filed her letter reply on July 27, 2026, making it untimely by over three months. *See* https://www.njd.uscourts.gov/sites/njd/files/2026Motions.pdf

[6] The Court acknowledges that the Order did not expressly state that the FAC was deemed filed; however, that was the Court's intent.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In deciding a motion to dismiss, the court takes note of the elements needed for Plaintiff to state a claim and determines whether the factual allegations in the complaint plausibly give rise to entitlement to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**B. Motion for Leave to Amend Complaint**

Leave to amend a complaint should be freely granted "when justice so requires." Where a complaint is vulnerable to dismissal under Fed. R. Civ. P. 12(b)(6), leave to amend should be granted unless amendment would not cure the deficiency. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## IV. DISCUSSION

The operative complaint under review by this Court is the FAC (ECF No. 19), which alleges claims for failure to promote and retaliation. Since that complaint has been deemed filed, the Court will address Defendant's remaining arguments that Plaintiff's failure to promote claim is untimely and that her retaliation claim is unexhausted.

**A. Failure to Promote Claim**

Defendant argues that Plaintiff's failure to promote claim is untimely and should be dismissed because it was filed past the 90-day EEOC deadline. (ECF No. 20 at 6.) Pointing to the

EEOC's signature on the Right to Sue letter, which is dated March 25, 2025, Defendant asserts that Plaintiff's June 25, 2025 complaint exceeded the 90-day window by two days. (*Id.*) Plaintiff maintains that she received the Right to Sue letter in April 2025 (ECF No. 19 at 7.)

Under Title VII, if the EEOC does not take action within 180 days of a charge being filed, the aggrieved person can request a notice of right to sue and may bring a civil action against the respondent named in the charge "within ninety days of the giving of such notice." *See* 42 U.S.C. § 2000e-5(f)(1). This provision has been construed liberally such that the time for filing a complaint begins to run when the plaintiff has notice of the EEOC decision, which usually occurs on the date she receives a right-to-sue letter. *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986). Because Section 2000e-5(f)(1) ties the ninety days to the "giving of such notice" courts have held this requires "some affirmative act of communication from the EEOC to the plaintiff or her lawyer beyond posting the letter to the EEOC online portal." *Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th 219, 222-23 (3d Cir. 2024). Where the date a claimant actually received the notice is unknown or is disputed, a court presumes receipt three days after the EEOC sent it. *Id.* at 222. While the ninety-day requirement is "strictly construed" it is subject to equitable tolling. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Defendant's argument fails because it relies solely on the date the letter was issued, rather than the date it was received. Because Defendant offers no evidence to rebut Plaintiff's assertion that she received the letter in April 2025, the Court finds the claim timely (at this stage) under both the three-day mailing presumption and Plaintiff's stated receipt date. Therefore, the Court declines to dismiss this claim as untimely.

**B. Retaliation Claim**

Next, Defendant argues that Plaintiff's retaliation claim should be dismissed for failure to exhaust administrative remedies, citing that Plaintiff's EEOC charge did not reference retaliation. (ECF No. 20 at 8-9.)

Before bringing a lawsuit under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC or with a state or local agency. 42 U.S.C. § 2000e-5(e)(1); *see also Anderson v. DSM N.V.*, 589 F.Supp. 2d 528, 535 (D.N.J. 2008). When faced with a complaint containing claims that were not presented to the EEOC, a district court must make a "two-pronged inquiry" into whether "the acts alleged in the subsequent . . . suit are fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom." *Simkov v. U.S. Steel Corp.*, 992 F.3d 198, 207 (3d Cir. 2021).

Applying that standard, Plaintiff fails to demonstrate that her DCR charge encompassed the retaliation claim alleged in the FAC. In her DCR charge, Plaintiff asserts only that she applied for a promotion in July 2023, never heard back, and learned that the position went to a Caucasian woman. By contrast, the claim of retaliation in the FAC arises from Plaintiff's subsequent job interview with Virtua, where she alleges that her lack of employment offer was influenced by a manager who had previously worked for Inspira. Therefore, the Court will dismiss the retaliation claim.

Although Defendant requests dismissal with prejudice due to futility (ECF No. 27), the dismissal of Plaintiff's retaliation claim will be without prejudice. Plaintiff *may* be able to demonstrate that she submitted additional retaliation-related information to DCR, or that other

retaliatory acts[7] fall within the scope of the charge; therefore, amendment is not clearly futile. *See Shane*, 213 F.3d at 115.

### C. Motion for Leave to Amend

The Court will deny Plaintiff's motion for leave to amend (ECF No. 26) without prejudice because the proposed amended complaint fails to comply with Federal Rule of Civil Procedure 8. While the proposed complaint contains a factual narrative, it does not identify the legal claims Plaintiff is pursuing. The Court cannot (and will not) infer those claims from prior filings given Plaintiff's shifting theories across evolving pleadings. Because the FAC (ECF No. 19) is partially cut-off and perhaps incomplete, the Court will direct Plaintiff to file one comprehensive and legible amended complaint.

The Court also takes this opportunity to instruct Plaintiff on the interplay between Rule 8 and Rule 15 and offers cautionary guidance for future submissions.

Federal Rule of Civil Procedure 8 sets forth the requirements for a complaint. A complaint must include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

A plaintiff may amend her complaint once as a matter of course within 21 days after serving it or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) (3) or (f), whichever is earlier. Fed. R. Civ. P. 15(a). All other amendments require consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2).

---

[7] Plaintiff alleges other purported instances of retaliation in other filings. (*See* ECF Nos. 17, 21, & 26.)

The Federal Rules of Civil Procedure do not permit piecemeal pleadings or require courts to consider a combination of pleadings, even in the context of a pro se litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims'"); *see also Chitester v. United States Bank*, No. 23-22554, 2025 WL 1752359, at *3-4 (D.N.J. June 23, 2025) (granting motion to dismiss where the plaintiff filed letter after letter which contain snippets in support of an amended complaint); *Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15 which governs amended and supplemental pleading, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion."). An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F. 3d 69, 82 (3d Cir. 2019).

Moreover, the general rule is that a complaint may not be amended through an opposition brief to a motion to dismiss, and new facts may not be considered by a court ruling on a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## V. CONCLUSION

The Court grants Defendant's motion to dismiss as to Plaintiff's retaliation claim, but denies the motion as to the failure to promote claim. Plaintiff is granted leave to file a single, comprehensive, and legible amended complaint that sets forth all relevant factual allegations,

claims for relief, and the basis for the Court's jurisdiction. The Court strongly discourages piecemeal pleading.

An appropriate order follows.

October 20, 2026

KAREN M. WILLIAMS
United States District Judge